UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NILAJ,

        Plaintiff,

v.                                                    Case No. 8:23-cv-02671-WFJ-NHA

MGO LABS. et al,

        Defendants.
_____/

## ORDER

I grant Plaintiff's motion for Clerk's Default against Defendants MGO Labs, LLC and DO Enterprises, LLC (Doc. 55).

Plaintiff brings this action under the Fair Labor Standards Act and Florida's Minimum Wage Act, alleging that Defendants failed to pay him for overtime hours, and breached his employment contract. 2d Am. Compl. (Doc. 44) at ¶¶ 44-68.

After Defendants were served with the Complaint, Padula Bennardo Levine, LLP appeared on their behalf. Docs. 20, 22, 23. But, in March 2023, Defendants' counsel moved to withdraw its representation, citing "irreconcilable differences." Docs. 47, 48, 49. The Court granted the motions to withdraw but noted, "MGO Labs, LLC and DO Enterprises, LLC are

corporations that cannot represent themselves in federal court." Doc. 54; *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). Accordingly, the Court ordered MGO Labs and DO Enterprises "to obtain new counsel who must file a notice of appearance on or before April 12, 2024." Doc. 54. That deadline passed, and no counsel appeared on behalf of MGO Labs and DO Enterprises.

In addition to their failure to obtain new counsel to represent them in this matter, MGO Labs and DO Enterprises have not (timely or otherwise) answered the Second Amended Complaint (Doc. 44). They have not responded to Plaintiff's discovery requests. Doc. 56. They have not responded to Plaintiff's motion to compel (Doc. 56). And they did not appear at the Court's show cause hearing on May 20, 2024.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

MGO Labs and DO Enterprises have failed to participate in this litigation since the withdrawal of their counsel, and have otherwise demonstrated no intent to defend themselves in this case. An entry of Clerk's default is appropriate.

Accordingly, I ORDER:

(1) Plaintiff's motion for Clerk's Default against Defendants MGO Labs, LLC and DO Enterprises, LLC (Doc. 55) is GRANTED.

(2) The Clerk is DIRECTED to enter default against Defendants MGO Labs, LLC and DO Enterprises, LLC.

(3) Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's Default, apply for the default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED in Tampa, Florida, on May 20, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge