UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NILAJ,

    Plaintiff,

v.                                       Case No. 8:23-cv-02671-WFJ-NHA

MGO LABS. et al,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

I respectfully recommend the District Court grant Plaintiff's motion for entry of a final judgment in garnishment against Garnishee Truist Bank NA for $1,065.84 (Doc. 97).

## Background

On July 15, 2024, the Court granted in part Plaintiff's motion for final default judgment against Defendants Danny Ortega, MGO Labs, LLC, and DO Enterprises, LLC. Doc. 72. Default judgment was then entered: (1) against Defendants Danny Ortega and DO Enterprises, LLC in the amount of $21,989.58 in damages, plus post-judgment interest, and $1,630.21 in costs; and (2) against Defendant MGO Labs, LLC, and in favor of Plaintiff in the amount of $2,452.50 in damages, plus post-judgment

interest, and $1,630.21 in costs. Doc. 73. The judgments impose joint and several liability. That is, the total amount in damages and costs owed to Plaintiff comprises $21,989.58 in damages, plus post-judgment interest, and $1,630.21 in costs, payable in full by any Defendant. Doc. 73. The judgments remain outstanding. Doc. 77 at p. 2.

On October 3, 2024, the Clerk of Court issued a writ of garnishment against garnishee Truist Bank for monies held in bank accounts owned by Defendant Danny Ortega. Doc. 81. On November 18, 2024, Truist answered that Mr. Ortega had $1,065.84 in his account with Truist, on which Truist then placed a hold. Doc. 85. Plaintiff served that answer on Defendants. Doc. 90. Defendants did not respond to, object to, or move to dissolve the writ.

Plaintiff then moved for entry of a final judgment in garnishment against Garnishee Truist Bank NA for $1,065.84. Doc. 92. I denied that motion, finding, "Plaintiff does not appear to have met the notice requirements of Section 77.041(2), Florida Statutes. *See* Fla. Stat. § 77.041(2) (specifying that the plaintiff must "mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the 'Notice to Defendant' [contained in Fla.

2

Stat. § 77.041(1)]" and file a certificate of service)." Doc. 93, at p. 5. Subsequently, Plaintiff mailed the requisite documents to Defendants, and filed a certificate of service indicating such. Doc. 96. Defendants did not claim any exemptions to garnishment or otherwise respond.

Now, Plaintiff renews its motion for entry of a final judgment in garnishment against Garnishee Truist Bank NA for $1,065.84 (Doc. 97).

<u>Legal Authority</u>

A writ of garnishment is a means to enforce a judgment under Florida law.[1] See Fla. R. Civ. P. 1.570(a). A writ of garnishment allows a judgment creditor to seize the property of the judgment debtor that is in the possession of a third party, such as an employer or a bank. Fla. Stat. § 77.01. Under Florida law, to obtain a writ, "[a]fter judgment has been obtained against defendant . . . the plaintiff, the plaintiff's agent or attorney, shall file a motion . . . stating the amount of the judgment." Fla. Stat. § 77.03. Section 77.04 provides the form of the writ:

> The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus

---

[1] Rule 69 provides that any proceedings "supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).

3

>up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in plaintiff's motion.

Fla. Stat. § 77.04.

After a court issues the writ, in addition to serving it on the garnishee, the plaintiff must serve it on the defendant. Specifically, "The plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the 'Notice to Defendant' [contained in Fla. Stat. § 77.041(1)] to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later." Fla. Stat. § 77.041(2). And, "[t]he plaintiff shall file in the proceeding a certificate of such service." *Id.*

Next, within 5 days after the garnishee serves an answer to the writ, the plaintiff must mail to the defendant "a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the

4

certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue." Fla. Stat. § 77.055. Again, the plaintiff shall file in the proceeding a certificate of such service. *Id.*

Should the defendant fail to respond to, object to, or move to dissolve the writ within 20 days, the court should enter judgment against the garnishee for amount of liability disclosed by the garnishee's answer. Fla. Stat. § 77.083.

## Analysis

Plaintiff has obtained judgments against Defendants (Doc. 73), which remain outstanding (Doc. 77 at p. 2). The Court issued a writ of garnishment to Truist. Doc 81. And, Truist is in possession of $1,065.84 that might satisfy part of the judgment. Doc. 85.

Having served the writ (Doc. 97) and Truist's answer (Doc. 90) on Defendants, Plaintiff has now met all statutory requirements for a final judgment in garnishment. Although Plaintiff was untimely in meeting the notice requirements of Section 77.041(2), Florida Statutes, that untimeliness does not require that the writ be dissolved. *Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1242 (M.D. Fla. 2015), *aff'd sub nom. Regions Bank v. G3 Tampa, LLC*, 766 F. App'x 772 (11th Cir. 2019).

Defendants did not respond to, object to, or move to dissolve the writ. Accordingly, final judgment in garnishment against Garnishee Truist Bank NA is due to be entered in the amount of $1,065.84.

## Conclusion

I respectfully recommend the District Court grant Plaintiff's motion for entry of a final judgment in garnishment against Garnishee Truist Bank NA (Doc. 97), and enter judgment in garnishment against Garnishee Truist Bank NA and in favor of Plaintiff in the amount of $1,065.84

SUBMITTED for consideration on May 5, 2025.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.